PANTALEONA SUÁREZ, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 629. Submitted March 11, 1926.—Decided May 27, 1926.

*Miguel Marcos Morales* for the appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

On October 10, 1925, Pantaleona Suárez entered into a contract for agricultural financing with Francisco Echevarría and consented to its being recorded in the registry of agricultural contracts to secure a loan of $600 received from him

to be used in the cultivation of tobacco, she agreeing to repay the amount with interest on May 31, 1926. In the contract it was stated that she appeared in her own right and in the names of four minor children under her *patria potestas;* that she was the owner of half of the property described and covered by the contract as an equal sharer in the conjugal partnership; that she was in possession of one-fourth of it as the lessee of four of her children who are of age; that as mother with *patria potestas* over her four minor children she was in possession and had the usufruct of the other fourth of the property, wherefore she was in lawful possession of the entire property; that the tobacco plantation belonged to her exclusively, and that she encumbered it to secure the fulfilment of her obligation, stating that the period of the agricultural financing contract did not extend beyond the time when her minor children would become of age.

The Registrar of Property of Guayama refused to record the contract in the registry of agricultural contracts on the ground that as a part of the property belonged to her minor children, the mother could not create the encumbrance without having first obtained the court's authorization, and in the administrative appeal taken by Pantaleona Suárez from that decision she alleges that the registrar committed an error of fact in finding that the agricultural financing contract was entered into by her in the names of her minor children, and an error of law in holding that without authorization of court she could not enter into that contract.

 Although the fact that the appellant stated in the contract that she appeared in her own right and in the names of her minor children led the registrar to the conclusion that she made the contract in the names of said children and was encumbering their property, yet the contract as a whole shows that notwithstanding that statement she did not create an agricultural financing encumbrance on the interests of the minors in the property, but on the legal usufruct which she

had therein. Therefore, the case of *Ejemplo Sugar Company* v. *Registrar,* 23 P.R.R. 262, is not applicable, for in that case the tutrix encumbered the property of the minors, and the question to be decided is whether the father, or the mother, as the case may be, with *patria potestas* over and living with his or her unemancipated children may encumber without authority of court the legal usufruct which section 225 of the Civil Code grants him or her over the property acquired by them for a valuable consideration or by labor or industry.

The usufruct referred to in the said section is granted by law to the parents in consideration of their having to take care of their unemancipated children and of their family relations, as is shown by the fact that the same section provides that if the child, with the consent of its parents, lives independently, it shall be deemed emancipated and shall be the owner and have the usufruct and administration of the property. As said by Manresa in his commentaries on the Spanish Civil Code, volume 10, page 474, "the father as regards the property of his children, as the husband as regards that of his wife, is not really a usufructuary in his own name, but in the name of the children or of the family whom he represents." For this reason the judgments of the Supreme Court of Spain of July 7, 1892, and September 27, 1893, inspired by the legal nature of the usufructuary right which accompanies the *patria potestas,* relating it to the duty which the person exercising it has to support and educate the minor, recognized the better right of the child as against that of the creditors of the parent to be supported out of that usufruct; which judgments and principles were cited and applied in the decision of the General Directorate of Registries of Spain of December 12, 1902, Civil Jurisprudence, volume 94, page 686, holding that even though section 480 of the Civil Code (the same in our Code) allows usufructuaries to alienate their usufructuary rights, without distin-

guishing between the voluntary and the legal usufruct and without expressly exempting the usufruct inherent to the *patria potestas,* if the free alienation of the usufructuary rights were authorized, even with the natural condition that the contracts could be rescinded when the minor does not receive from the parent the necessary means for his support and education, the provision authorizing that alienation would be repugnant, it being less proper to authorize it by a forced interpretation of the Code, for which reasons and for others said Directorate of Registries held that a mortgage created by the father on his legal right of usufruct over the property of his children was not recordable. And in citing that decision in the third edition of his work, volume 2, page 37, Manresa agrees with it on the ground stated, although he disagreed with other grounds which we have omitted.

If, as has been shown, the law grants to the parents the usufruct of the property that their minor children acquire for a valuable consideration or by labor and industry in consideration of the support and education of said minors, and if for this reason the provision of freedom of alienation recognized in the general subject of usufruct is not applicable because it would deprive the child of its right to be supported by its father or mother out of the legal usufruct, we have to arrive at the conclusion that it can not be encumbered in any way unless there is judicial authority based on the benefit to the minor.

For the foregoing reasons the decision appealed from must be affirmed.